IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) CIVIL ACTION NO. |
| Plaintiff, | ) ) ) |
| v. | ) ) **COMPLAINT** |
| LAIDLAW TRANSIT, INC., | ) ) |
| Defendant. | ) JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Dianne Bumbas who was adversely affected by such practices. As articulated with greater particularity in paragraph 7 below, the Commission alleges that Ms. Bumbas, a school bus driver for Defendant, was subjected to unwelcome sexual harassment and a sexually hostile work environment which was created by the conduct of a male coworker. The Commission alleges that although Ms. Bumbas complained to Defendant about the sexual harassment, Defendant failed to take prompt and effective action upon notification of the hostile work environment and failed to stop the illegal conduct.

In addition, the Commission alleges that Ms. Bumbas was retaliated against after she complained to Defendant when the harassing co-worker and another co-worker threatened her with bodily harm. As a result of the sexual harassment and retaliation, Ms. Bumbas suffered mental and

1

emotional distress, and has been forced to remain on unpaid extended medical leave.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a..

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Laidlaw Transit, Inc. (the "Employer"), has continuously been a Delaware corporation, headquartered in Napersville, Illinois with branch locations in the State of Pennsylvania and the Cities of Pittsburgh and Dravosburg, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

2

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Dianne Bumbas filed a Charge of Discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since about September 1, 2003, Defendant Employer has engaged in unlawful employment practices at its Dravosburg, Pennsylvania location, in violation of 703(a)(1) of Title VII, 42 U.S.C.§ 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

   a. Defendant Employer is a nationwide corporation that provides public transportation in a variety of venues, including the bus transportation of school students;

   b. Commencing on or about September 1, 2003, and continuing into 2004, Defendant tolerated and condoned a sexually hostile work environment at its workplace;

   c. The hostile work environment complained of consisted of sexually explicit comments made by James Mull, a male co-worker, to Ms. Bumbas, a bus driver.

   d. In September, 2003, Ms. Bumbas bid on and was awarded a supplemental job at the bus terminal. That job was to provide janitorial services around the terminal, including the men's and women's restrooms. Thereafter, the sexual harassment commenced. For example, if Mr. Mull entered the restroom while Ms. Bumbas was cleaning, he would say, " Do you want to hold it for me?";

   e. Other examples of Mr. Mull's gross and unwanted comments included an occasion when Ms. Bumbas tripped backwards over her mop bucket, when he said, "You almost got lucky;" on another occasion, Ms. Bumbas was unplugging a fan in the employee lounge and Mr. Mull said to her, "Be careful you don't get your fingers caught in there. Your sex life will be over;"

3

  f. Ms. Bumbas states that Mr. Mull made other sexually offensive and demeaning remarks, such as "how was your sex life last night," on an ongoing basis.

  g. Ms. Bumbas verbally complained on a regular basis to Defendant's Branch Manager, Gary Moore, but the conduct continued. In mid-February, 2004, following a particularly egregious comment, Ms. Bumbas submitted a written complaint to Mr. Moore.

  h. After Ms. Bumbas filed a written complaint, Mr. Moore indicated that he could not "protect" Mr. Mull anymore;

  i. Defendant Employer failed to take steps to effectively eradicate the offensive work environment and Ms. Bumbas continued to be adversely affected;

  j. After Ms. Bumbas had filed her written complaint, Mr. Mull and his adult daughter, also a Laidlaw employee, retaliated against Ms. Bumbas when they screamed at her, accused her of trying to get Mr. Mull "fired," and stated that she (Ms. Bumbas) had better "watch her back" if he did get fired;

  k. Although Ms. Bumbas reported these offensive and terrifying comments to Mr. Moore, he simply responded that he "could not do anything" because they had occurred off Laidlaw property;

  l. Mr. Mull continued to retaliate and harass Ms. Bumbas by making loud and snide comments to her at work and by revving his bus engine just as she walked in front of it, to scare her; Again, Ms. Bumbas continued to complain to Mr. Moore, who did nothing.

  m. By mid-February 2004, Ms. Bumbas could no longer tolerate the hostile and terrifying environment in the work place, and was forced to go on an unpaid medical leave, and has not been able to return to work, to date;

4

n.  Defendant has a history of ignoring complaints of sexual harassment and has permitted and condoned a hostile work environment. Other female employees have also been exposed to unwelcome touching, and offensive sexual language by other male employees.

8.  The effect of the practices complained of in paragraph 7 (a) through (n) above has been to deprive Ms. Bumbas of equal employment opportunities and otherwise adversely affected her status as an employee, because of her sex.

9.  The unlawful employment practices complained of in paragraphs 7 (a) through (n) above were intentional.

10.  The unlawful employment practices complained of in paragraphs 7 (a) through (n) above were done with malice or with reckless indifference to the federally protected rights of Ms. Bumbas.

### PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in the creation and/or maintenance of a sexually hostile work environment and retaliating against employees who complain of such and in any other employment practice which discriminates on the basis of sex.

B.  Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating within any of its establishments against employees on the basis of sex and retaliation.

C.  Order Defendant Employer to institute and carry out policies, practices and programs

5

which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which provide for an harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

E. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

F. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

G. Order Defendant Employer to make whole Dianne Bumbas by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 (a) through (n) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H. Order Defendant Employer to pay Dianne Bumbas punitive damages for its malicious and/or reckless conduct described in paragraphs 7 (a) through (n) above, in an amount to be determined at trial.

6

I.  Grant such further relief as this Court deems necessary and proper in the public interest.

J.  Award the Commission its costs of this action.

7

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                             **JAMES L. LEE**
                             **DEPUTY GENERAL COUNSEL**

                             **GWENDOLYN YOUNG REAMS**
                             **ASSOCIATE GENERAL COUNSEL**

*/s/ Jacqueline H. McNair*
**JACQUELINE H. MCNAIR**
**REGIONAL ATTORNEY**

*/s/ Judith A. O'Boyle*
**JUDITH A. O'BOYLE**
**SUPERVISORY TRIAL ATTORNEY**

*/s/ M. Jean Clickner (MMT)*
**M. JEAN CLICKNER**
**SENIOR TRIAL ATTORNEY**
Pa. I.D. No. 42738
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Pittsburgh Area Office
Liberty Center, Suite 300
1001 Liberty Avenue
Pittsburgh, PA 15222
(412) 644-6439
(412) 644-4935 (facsimile)
jean.clickner@eeoc.gov

8